UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM E. POWELL,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | Civil Action No. 21-2838 (JEB) |

## ORDER

In its prior Opinion in the latest of Plaintiff William E. Powell's many Freedom of Information Act suits, this Court granted summary judgment to Defendant Internal Revenue Service as to almost all of the asserted claims, but required the Service to conduct a further search for one year's documents and explain its actions in greater detail in relation to one of Powell's requests. See Powell v. IRS, 2022 WL 2355418 (D.D.C. June 30, 2022). Having now done so, Defendant renews its Motion for Summary Judgment here. As it has accomplished what the Court tasked it to do, the Motion will be granted.

The Court will repeat neither the background of the suit nor the appropriate legal standard for summary judgment in a FOIA case. Readers may refer to the prior Opinion for both. Id. at *1–2. That Opinion addressed two of Powell's requests. In the first, he asked for records accessed through command codes "INOL(E)" and "INOL(I)." Id. at *2. The Court previously explained that the IRS could have contended that this request was not perfected because the former term requires a further definer, and the latter one does not exist. Id. at *2–3. "The

1

difficulty is that the IRS has never made this argument — indeed, it maintained only that it produced all responsive records . . . ." Id. at *3.

This time around, the Service does so maintain, and the Court agrees. Powell has brought many, many FOIA suits in relation to tax information, and he well understands the nomenclature the Service employs; as a result, he is required to use the proper term if he wants particular documents. See Kowalczyk v. Dep't of Just., 73 F.3d 386, 388 (D.C. Cir. 1996) (FOIA request "reasonably describes records if the agency is able to determine precisely what records are being requested") (citation and internal quotation marks omitted). The Service explains, furthermore, that it nonetheless generously interpreted Powell's INOL(I) term to be IMFOL(I) and his INOL(E) to be INOLE(S). It searched for responsive records under the proper codes and released them. See ECF No. 35 (Def. MSJ) at 5–6 (citing ECF No. 35-2 (Def. Statement of Undisputed Material Facts), ¶ 30).

Powell's second request, meanwhile, asked for "a copy of the Printout of the INOLES . . . AND IMFOL(E) and any record contained therein pertaining to me starting from the year 1987 through 1993." Powell, 2022 WL 2355418, at *3. After the IRS provided documents from 1988-93, the Court held that it had to also search for 1987 records or explain why they did not exist. Id. The Service has also checked that box by describing how the 1987 records have aged off its system. See Def. MSJ at 6 (quoting ECF No. 35-6 (Declaration of Timothy Bouks), ¶ 9). As part of a belt-and-suspenders approach, moreover, Defendant then requested a "vestigial transcript" for 1987 using the IMFOL(V) command code. Id. This code yields a "list[] [of] the tax modules in the account that have been aged off to the retention register and may not be available in other databases." Def. SUMF, ¶ 24 (citing Bouks Decl., ¶ 9). The Service then provided Powell the IMFOL(V) transcript that contained information on 1987. See Def. MSJ at

6–7.  As a result, the IRS has followed the Court's prior Order to a tee and need do nothing further to secure summary judgment.

Powell nonetheless raises two principal objections.  He first maintains that the IRS should have searched the National Account Profile (NAP) database, which he believes could contain responsive documents.  See ECF No. 37 (Pl. Opp.) at 3.  This contention gains no purchase because the NAP database was previously searched as part of the search of the IDRS database.  See ECF No. 38 (Def. Reply) at 4.  Second, Plaintiff continues to believe that the Service's treating his request under FOIA rather than the Privacy Act has prejudiced him.  The Court previously explained why this is not so and need not repeat its explanation.  Powell, 2022 WL 2355418, at *5.

The Court, accordingly, ORDERS that:

1. Defendant's renewed Motion for Summary Judgment is GRANTED; and
2. Judgment is ENTERED in favor of Defendant.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  August 29, 2022

3